**Stanley L. WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 64423.**

Missouri Court of Appeals,
Western District.

Dec. 20, 2005.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lacey R. Searfoss, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before HOWARD, P.J., EDWIN H. SMITH, C.J., and NEWTON, J.

### Order

PER CURIAM.

Stanley L. Williams appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of counsel. After a jury trial in the Circuit Court of Jackson County, the appellant was convicted of one count of burglary in the first degree, in violation of § 569.160; one count of victim tampering, in violation of § 575.270.2; and one count of violating an order of protection, in violation of § 455.085. Pursuant to § 558.016, the appellant was sentenced as a prior and persistent offender to concurrent terms of imprisonment in the Missouri Department of Corrections of fifteen years and ten years on the burglary and victim tampering counts. On the conviction for violation of an order of protection, he was sentenced to one year in the Jackson County Department of Corrections, to be served concurrently with his sentences on the burglary and victim tampering counts.

The appellant raises what he asserts are two points on appeal. However, in reality, he raises four points, all of which claim that the motion court clearly erred in denying his Rule 29.15 motion, without an evidentiary hearing, alleging ineffective assistance of counsel. The appellant claims that the motion court clearly erred in denying his Rule 29.15 motion, without an

evidentiary hearing, because the appellant alleged, in his motion, facts not refuted by the record, which clearly establish that he received ineffective assistance of counsel for his trial counsel's failure: (1) to object to inadmissible hearsay testimony of a detective of the Kansas City Police Department concerning a conversation he had with the victim about death threats made against her by the appellant; (2) to object to the State's opening statement referring to the fact that the victim had "a special phone for victims of domestic violence"; (3) to object to the State's closing argument, with respect to the State's proof as to an element of the tampering charge, concerning the trial court's having taken judicial notice of the fact that the appellant had been charged with burglary; and, (4) to object to the State's rebuttal closing argument concerning the appellant's "propensity to commit the offenses charged, based on his prior convictions and arrests."

We affirm pursuant to Rule 84.16(b).